IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO_____3:26-cv-229_____

| | |
|---|---|
| **XSCAPE LLC,** | ) |
| | **)** |
| Plaintiff, | ) |
| | )     **NOTICE OF REMOVAL** |
| v. | ) |
| | ) |
| **MINDGRASP LLC,** | ) |
| | **)** |
| Defendant. | ) |
| | ) |

Defendant Mindgrasp LLC ("Mindgrasp"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1448, hereby removes to this Court the civil action styled *Xscape LLC v. Mindgrasp LLC*, No. 26CV007232-590, pending in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, and states as follows:

1.      On February 6, 2026, Plaintiff Xscape LLC ("Xscape") filed an action against Mindgrasp in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 26CV007232-590.

2.      Copies of all process, pleadings, and orders served upon or otherwise received by Mindgrasp in the state court action are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3.      This Court has original jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Xscape is a limited liability company whose sole member is Adrian Kennedy, a citizen of North Carolina. Accordingly, Xscape is a citizen of North Carolina for purposes of 28 U.S.C. § 1332.

5. Mindgrasp is a limited liability company. At the time this Notice of Removal is being filed, Mindgrasp Inc. is the sole member of Mindgrasp LLC. Mindgrasp Inc. is a corporation organized under the laws of Delaware with its principal place of business in Maryland. Accordingly, Mindgrasp is a citizen of Delaware and Maryland for purposes of 28 U.S.C. § 1332.

6. Complete diversity exists because Xscape is a citizen of North Carolina, while Mindgrasp is a citizen of Delaware and Maryland.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint alleges a $220,000 consulting arrangement, an unpaid $55,000 installment, multiple claims seeking damages in excess of $25,000, and a UDTPA claim seeking treble damages and attorneys' fees.

8. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has original jurisdiction.

9. This Notice of Removal is timely under 28 U.S.C. § 1446. Mindgrasp has not been properly served with process in the state court action, and the service attempts described below did not perfect service on Mindgrasp.

10. Plaintiff attempted service by FedEx on three former or alleged Mindgrasp LLC members:

a. Patrick Matlack, an Ohio resident, refused delivery of the FedEx package and did not sign for it;

2

b.  Shayan Khanlarbeik, a Maryland resident, was not served because the FedEx package was sent to his parents' residence, where he no longer lives; and

c.  Thaibinh Cao, a Maryland resident, likewise was not served because the FedEx package was sent to his parents' residence, where he no longer lives.

11.  Under North Carolina law, service by designated delivery service requires proof that the summons and Complaint were in fact received by the addressee, evidenced by a delivery receipt or other satisfactory proof of delivery to the addressee. Mindgrasp removes this action while expressly preserving all objections relating to process and service of process.

12.  Out of an abundance of caution, this Notice is also being filed within thirty days of Plaintiff's February 2026 service attempts.

13.  Venue is proper in this Court under 28 U.S.C. § 1441(a) because the state court action is pending in Mecklenburg County, North Carolina, which lies within the Western District of North Carolina, Charlotte Division.

14.  Pursuant to 28 U.S.C. § 1448, where service has not been perfected before removal, or where process served proves defective, service may be completed or new process issued in federal court. Mindgrasp expressly reserves all defenses and objections, including insufficiency of process and insufficiency of service of process.

15.  Written notice of the filing of this Notice of Removal will promptly be given to Xscape through its counsel of record, Kerry L. Traynum, and a copy of this Notice will promptly be filed with the Clerk of the Superior Court of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(d).

3

**WHEREFORE,** Defendant Mindgrasp LLC removes this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

Respectfully submitted, this 23rd day of March 2026.

/s/ *Alex Buckley*_____
**WOMBLE BOND DICKSON**
Alexander J. Buckley, N.C. Bar No. 53403
301 S. College St.
Suite 3500
Charlotte, NC  28202
704-350-6373
Alex.Buckley@wbd-us.com

**GUTHERY LAW PLLC**
Craig A. Guthery *(pro hac vice forthcoming)*
Virginia Bar No. 42821
1521 Boyd Pointe Way
Suite 2601
703-863-6661
cguthery@cgutherylaw.com

*Counsel for Defendant Mindgrasp LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March 2026, I electronically filed the foregoing **Notice of Removal** with the Clerk of the United States District Court for the Western District of North Carolina using the CM/ECF system, and I served a copy upon all counsel of record via email.

/s/ *Alex Buckley*_____
Alexander J. Buckley

Case 3:26-cv-00229-SCR-DCK    Document 1    Filed 03/23/26    Page 5 of 5